IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

SHERMAN ROBERTS

No. 3:20-CR-621-K
**ECF**

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

The United States of America (the government) hereby opposes the defendant's motion to withdraw plea of guilty. The government requests that the Court deny the defendant's motion because it is untimely and lacks merit. In support of this position, the government states the following:

### A. Factual and Procedural Background

Roberts was indicted on December 16, 2020, in a two-count indictment charging with him with conspiracy to bribe two different Dallas City Council members from 2013 to August 2018 and substantive bribery of one of those officials on August 7, 2018. (Dkt. 1). Roberts initially hired Douglas C. Greene, Sr., to represent him; however, Mr. Green subsequently passed away and Roberts hired his second attorney, William Cox, III, who entered an appearance on September 20, 2021. (Dkt. 18). As stated in Robert's motion, the case was continued a number of times and ultimately set for a bench-trial on October 28, 2024. (Dkt. 32).

Faced with trial, Roberts executed plea papers which were filed and docketed with the court on September 26, 2024. (Dkt. 33 – Plea Agreement; Dkt. 34 – Factual Resume). Roberts appeared in United States Magistrate Court with counsel and pleaded

**Government's Response to Motion to Withdraw Guilty Plea – Page 1**

guilty to Count 1 on November 12, 2024.  (Dkt. 38, 55).  This Court accepted Roberts' guilty plea by written order on November 27, 2024.  (Dkt. 41).  Roberts' PSR was released on June 4, 2025, and the matter was finally set for sentencing on September 17, 2025.  Roughly 20 days prior to sentencing and almost one-year after he signed guilty plea papers, Roberts hired his third set of attorneys, Mr. Michael P. Heiskell and Nate Washington, and filed this motion to withdraw his guilty plea.  (Dkts. 50 and 52).

### B.  Applicable Law

"A defendant does not have an absolute right to withdraw his guilty plea". *United States v. Lord*, 915 F.3d 1009, 1014 (5th Cir. 2019) (citation omitted). The district court retains the discretion to permit such a withdrawal before sentencing if the defendant can show a "fair and just reason" – a burden that remains at all times with the defendant. *Id*. (citation omitted). Seven factors are to be considered by a district court in determining whether a defendant should be permitted to withdraw his plea: (1) whether the defendant asserted his actual innocence; (2) whether withdrawal would prejudice the government; (3) the extent of the delay, if any, in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) the extent to which withdrawal would waste judicial resources. *Id*. (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)). No one factor or combination of factors is determinative, and the court should examine the totality of the circumstances. *Id.* (citing *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996)).

## C. Analysis of the *Carr* Factors

The government will examine each of the seven factors in turn.

**Assertion of Innocence**

Roberts does assert his actual innocence, so it appears at first glance that this factor weighs in his favor. He does so in an affidavit attached to his motion. Also attached to his motion are the affidavits of two other individuals. These affidavits are not dated, but upon close inspection neither has anything to do with his guilt. They both address the loss amount calculation in the PSR and claim it is wrong. In other words, the other affidavits assume his guilt and are not evidence that supports any assertion of actual innocence.

Roberts' claim must be fully evaluated on the record and Roberts must show a "fair and just reason" to permit the withdraw of his guilty plea. His assertion of actual innocence must be weighed in light of his previous, sworn, admissions of guilt. *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) ("Because solemn declarations in open court carry a strong presumption of verity, the district court did not abuse its discretion in placing little weight on [the defendant's] assertion of innocence."). The record before the Court contains the defendant's admission to the facts listed in a detailed 10-page factual resume (Dkt. 34), which the defendant swore was true and complete in every respect on his oath in open court at his plea hearing.

At his guilty plea, Roberts, was placed under oath and admitted all the following:

> THE COURT: You are now under oath. If you answer any of my questions falsely, the Government could use your statements against you and prosecute you for the crime of perjury.
>
> …

THE COURT:  And, Mr. Roberts, do you understand your right to plead guilty in front of the district judge who will sentence you?

THE DEFENDANT: Yes, ma'am

…

THE COURT:  And, Mr. Roberts, do you understand these constitutional rights?

THE DEFENDANT: Yes, ma'am.

…

THE COURT:  Mr. Roberts, do you understand the consequences of pleading guilty?

THE DEFENDANT: Yes, ma'am.

…

THE COURT:  And, Mr. Roberts, do you understand how sentencing generally works?

THE DEFENDANT: Yes, ma'am.

…

THE COURT: And do you understand the charges against you?

THE DEFENDANT: Yes, ma'am.

…

THE COURT: All right. Sir, if you would take a look at these plea papers. They include a factual résumé and a plea agreement and a plea agreement supplement. Did you review those plea papers with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you sign each of those documents?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand the terms of your plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you voluntarily enter into that agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you want the court to accept your plea agreement?

THE DEFENDANT: Yes, ma'am.

…

THE COURT: Do you understand each of those essential elements of the offense?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you admit that you committed each of those elements?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. Starting on Page 2 of your Factual Résumé, there are certain stipulated facts that are set forth. Are those facts true and correct?

THE DEFENDANT: Yes, ma'am.

…

THE COURT: Do you understand the penalties you face for conviction?

THE DEFENDANT: Yes, ma'am.

…

THE COURT:  Did you and your attorney discuss your rights to appeal and challenge your conviction and sentence?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you understand you're giving up those rights except as set out in your Plea Agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Mr. Cox, are you satisfied your client understood his appellate rights and knowingly and voluntarily waive them?

MR. COX: Yes, Your Honor.

THE COURT: Has anyone threatened you or tried to force you to plead guilty?

THE DEFENDANT: No, ma'am.

THE COURT: Other than the promises in your Plea Agreement, has an anyone promised you anything in exchange for your guilty plea?

THE DEFENDANT: No, ma'am.

THE COURT: Are you pleading guilty because you committed the offense charged in Count 1 of the Indictment?

THE DEFENDANT: Yes, ma'am.

THE COURT: Mr. Cox, do you know of any legal reason why he should not plead guilty?

MR. COX: No, Your Honor.

THE COURT: All right. Sir, how do you plead to Count 1 of the Indictment?

THE DEFENDANT: Guilty.

THE COURT: The record will reflect your plea.

I find you are fully competent and capable of entering an informed plea. I find your plea of guilty to Count 1 of the Indictment is knowing and voluntary. It's also supported by an independent basis in fact that contains each of the essential elements of the offense charged by Count 1.  I'm going to recommend that Judge Kinkeade accept your plea of guilty and adjudge you guilty of the offense charged in Count 1 of the Indictment.

(DKT. 55, of Re-arraignment Transcript).

This Court should place little weight on his assertion of innocence given his sworn, solemn declarations in open court to the contrary.  This factor ultimately weighs against the defendant or is neutral.

**Prejudice the Government**

When a defendant moves to withdraw his guilty plea, a court may consider the burden placed on the government in having to prepare for a trial that would have otherwise been unnecessary. *Lord*, 915 F.3d at 1015. Even in the absence of any such prejudice to the government, a defendant is not necessarily justified in withdrawing his plea. *Id.* (citations omitted). Allowing the defendant to withdraw his plea would significantly prejudice the government here.  First, the government would have to expend time, money, and resources to prepare for trial during a time when the United States Attorney's Office for the Northern District of Texas is facing numerous attorney vacancies.  While the undersigned has been an attorney of record for some time in this matter, the responsibility for the trial of it, and ultimate plea resolution for it, was held by two Assistant United States Attorneys that are no longer employed by the office. Likewise, the passage of entire year or more between the guilty plea and any future trial setting could have detrimental effects on the memories of many witnesses – and this is especially true given the facts in question ended over seven years ago.

These factors do not weigh strongly in the government's interest, but they certainly do not weigh in favor of Roberts.

**Delay in Filing Request**

A significant delay in filing a motion to withdraw a plea must be supported by equally significant grounds in support of the motion. *Carr*, 740 F.2d at 344. The Fifth Circuit in *Carr* found a motion "not promptly filed" after a delay of only 22 days. *Id.* at 345. The court noted that:

The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty. *Id.*

Here, the defendant entered his guilty plea before the Court on November 12, 2024 (and signed the paperwork on September 25, 2024), and he waited approximately 289 days to notify the Court that he has decided to withdraw his plea. "Much shorter delays have been deemed unacceptable. *See*, *e.g.*, *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (describing a six-week delay as "significant"); *United States v. Rinard*, 956 F.2d 85, 88–89 (5th Cir. 1992) (holding that a 69-day delay weighed against defendant); *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988) (holding that a seven-week delay weighed against withdrawal); *Carr*, 740 F.2d at 345 (finding that the motion "was not promptly filed" 22 days after the plea)." *Lord*, 915 F.3d at 1015

This factor weighs heavily against him.

**Inconvenience to the Court**

As with prejudice to the government, the Court is also to consider how allowing a defendant to withdraw his plea would affect the Court. *Lord*, 915 F.3d at 1015. This can include the potential impact on its docket and how expending additional judicial resources on a trial might impact the rights of other accused persons awaiting trial. *Carr*, 740 F.2d at 346. The trial in this case was continued by agreement of the defendant for trial or sentencing for literally years. The court has ordered the preparation of a PSR which has been completed by the United States Probation Department. The defendant's

actions are a drain of the Court's time, attention, and resources. This factor does not weigh in the defendant's favor.

**Close Assistance of Counsel**

"Close assistance of counsel under Federal Rule of Criminal Procedure ("Rule") 11(d)(2)(B) and constitutionally ineffective assistance of counsel under the Sixth Amendment are distinct issues. The former is to be considered by a district court in the exercise of its discretion to allow or to disallow a defendant to withdraw his guilty plea. The latter presents a basis for invalidating a conviction (or sentence) secured in violation of a defendant's fundamental right to counsel." *McKnight*, 570 F3d at 646.

This factor turns on whether counsel was available to the defendant throughout the proceedings, including whether counsel negotiated the defendant's plea agreement and also whether the defendant was satisfied with his defense counsel. *Lord*, 915 F.3d at 1016. Whether a defendant received close assistance of counsel "does not turn on whether counsel found legal authority to support a viable defense," and is a "fact-intensive inquiry." *Id*. at 1015-16 (citation omitted).

Roberts asserts he is not happy with the efforts of his second attorney, William Cox, III. Cox obtained multiple continuances of the trial setting, orchestrated meetings with federal prosecutors, waived a jury trial, secured a bench trial, and negotiated a plea agreement to the lowest statutory maximum count that included the potential for a substantial assistance motion from the Government. (Dkt. 35). It cannot be said under this prong that Roberts did not have close assistance of counsel, and therefore this factor weighs against him.

**Knowing and Voluntary Nature of the Plea**

For a plea to be knowing and voluntary, a defendant must have full knowledge of the consequences of entering a guilty plea. *Lord*, 915 F.3d at 1016 (citation omitted). A guilty plea is invalid where the defendant does not understand the nature of the constitutional protections that are waived by pleading guilty or has such an insufficient understanding of the charges against him that the plea cannot be considered an admission of guilt. *Id*. (citation omitted). Additionally, the Court must examine whether the factual conduct admitted by the defendant during the plea hearing satisfies the elements of the offense charged as a matter of law. *Id*.

This Court found the defendant's plea to be knowing and voluntary and the record from his re-arraignment hearing is clear. (Dkts. 38-41, 55). The defendant was aware that he was waiving certain constitutional rights by entering his plea and that his conviction for the stated offense would carry the potential statutory penalties as stated in the Plea Agreement. The record demonstrates that the defendant's plea was knowing and voluntary, and he has provided no evidence to the contrary. This factor also weighs against withdrawal.

**Waste of Judicial Resources**

This Court is in the best position to know the effect that a withdrawal of a guilty plea will have on its own resources. *Carr*, 740 F2.d at 345. The Court would need to assemble a jury panel and clear its calendar for several days. After the defendant is found guilty, the probation office would have to expend additional time and resources preparing a new PSR. These are resources that the Court, but for the defendant withdrawing his

plea, could otherwise dedicate to the rest of its busy docket. Allowing the defendant to withdraw his plea (because he has decided to do so), especially when he is essentially on the eve of sentencing, would waste at least "some" judicial resources. *See Lord*, 915 F.3d at 1017. Therefore, this factor weighs against the defendant.

### D. Conclusion

The burden to show a "fair and just reason" to withdraw his plea remains on the defendant at all times and under the totality of the circumstances Roberts has not meet that burden. Therefore, this Court should therefore deny his motion.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

CHAD E. MEACHAM
Assistant United States Attorney
Texas State Bar No. 00784584
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: 214-659-8716
E-mail: chad.meacham@usdoj.gov

**Government's Response to Motion to Withdraw Guilty Plea – Page 10**